By the Court.—Truax, J.
The contract of sale between the parties was reduced to writing. By it, it appears that the defendants bought from the plaintiff “ 81 bags French Brown Mus bard Seed like sample.” One of the errors alleged by the appellants is that they were not allowed to show on the trial that at and before the time the contract of sale was reduced to writing, a person whom they claimed was the agent of the plaintiff, falsely and fraudulently represented to them that the mustard seed was free from dirt.
There was no error in the ruling of the trial judge on this point. While it is true that the rule prohibiting the reception of parol evidence which varies or modifies a *317 written agreement does not apply to a collateral undertaking,- a warranty as to the present quality and condition of the property sold, is connected with and applies to a contract of sale as one of its elements, and is not a collateral undertaking.
Evidence that there was such a warranty cannot be given where the contract of sale is in writing and contains no such warranty. Eighmie v. Taylor, 98 N. Y., 288.
The appellants also complain that they were not allowed to prove on the trial that the agent who had made the sale had also agreed to rescind the contract of sale.
There was no evidence that the agent, Berian, who was simply a general broker, had any power to rescind the contract of sale. An authority to make a contract for another does not carry with it by implication authority to cancel that contract. Von Wein v. Scottish Insurance Co., 52 N. Y., Super. Ct. 490.
The judgment appealed from is affirmed with costs.
Sedgwick, Ch. J., and Dugro J., concurred.